IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RIVERSTONE CORPORATE CAPITAL LIMITED, | § § § § | |
| Plaintiff, | § § | Civil Action No. 3:20-cv-02509-M |
| v. | § § | |
| FRANK SWINGLE & ASSOCIATES, INC., and KIMBERLY GIBBONS, | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint [ECF No. 9]. For the following reasons, the Motion is DENIED.

### I.     Background

Plaintiff's predecessor in interest underwrote a commercial property insurance policy that was issued, on the predecessor's behalf, by U.S. Risk to the Bluffs Lakewood Condo Homeowners Association and its property management company. U.S. Risk offered an insurance program for homeowners associations. Plaintiff sued, claiming that a condominium community which had over one third rental units was excluded from its insurance program, and that Bluffs Lakewood exceeded that amount of rental units.

A fire occurred at Bluffs Lakewood on October 23, 2018. In a post-fire investigation, Plaintiff says it first discovered that sixty of the one hundred and twenty units were rented. Plaintiff alleges that Defendants, an independent retail insurance agency and its employee, negligently submitted to its predecessor an application which included incorrect, material information as to the number of rental units at Bluffs Lakewood. Plaintiff claims the policy

never would have been issued had the correct number of rental units been disclosed by Defendants.

Plaintiff paid the insured as a result of the fire damage to units at Bluffs Lakewood, and then filed this suit, claiming negligent misrepresentations and violations of the Deceptive Trade Practices Act ("DTPA") [ECF No. 6]. Defendants filed a Motion to Dismiss Plaintiff's claims [ECF No. 9].

## II.     Legal Standard

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.' " *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). In order to survive such a motion, a plaintiff must plead facts sufficient to state a claim for relief that is plausible on its face. *Howe v. Yellowbook, USA*, 840 F. Supp. 2d 970, 975 (N.D. Tex. 2011) (Lynn, J.) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 97 S. Ct. 555 (2007)). For a claim for relief to be plausible on its face, a plaintiff must have pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Lone Star Natl. Bank, N.A. v. Heartland Payment Sys., Inc.*, 729 F.3d 421, 423 (5th Cir. 2013) (*quoting Highland Capital Mgmt., L.P. v. Bank of Am., N.A.*, 698 F.3d 202, 205 (5th Cir. 2012)).

## III.    Analysis

Defendants make three arguments: (1) that Plaintiff's negligent misrepresentation claim fails under the voluntary payment rule, (2) that Plaintiff cannot state a DTPA claim, and (3) that an insurance application cannot serve as the basis for a violation of DTPA § 17.46(b)(12).

### A. Negligent misrepresentation

The voluntary payment rule is a common law defense under which "[m]oney voluntarily paid on a claim of right, with full knowledge of all the facts, in the absence of fraud, deception, duress, or compulsion, cannot be recovered back merely because the party at the time of payment was ignorant of or mistook the law as to his liability." *BMG Direct Mktg., Inc. v. Peake*, 178 S.W.3d 763, 768 (Tex. 2005) (internal quotations omitted). Defendants claim that the payment of the claim in question falls within the voluntary payment rule. They argue that Plaintiff's remedy for the negligent misrepresentation claim is rescission of the policy, after having it declared void. In fact, Plaintiff alleges that the insured's application stated the correct number of rental units [ECF No. 6 at ¶¶ 21 and 22], and that the insured "was unaware that [Defendants] submitted a second signed . . . application during the application process that showed there were no rented units." [*Id.* at ¶ 26]; *see Arkwright-Boston Mfrs. Mut. Ins. Co. v. Aries Marine Corp.*, 932 F.2d 442, 447 (5th Cir. 1991) (explaining that payment is not voluntary if the payor has "a 'reasonable or good faith belief in an obligation or [a] personal interest in making the payment.' ") (citing *Weir v. Federal Ins. Co.*, 811 F.2d 1387, 1395 (10th Cir. 1987)); *Keck, Mahin & Cate v. National Union Fire Ins. Co. of Pittsburgh, Pa.*, 20 S.W.2d 692, 702 (Tex. 2000) (holding that a payment made with the reasonable belief that it was required by an insurance contract was involuntary); *Galbraith-Foxworth Lumber Co. v. Long*, 5 S.W.2d 162, 167 (Tex. 1928) (defining an involuntary payment as one made to protect the payor's interest).

In light of the alleged facts, the Court is aware of no authority under which Plaintiff could have legally rescinded the subject policy, where the insurance agent and its employee are alleged to have made a misrepresentation without the insured's knowledge, and contrary to what the insured described. In fact, case authority points in the opposite direction. *See Prudential Ins.*

*Co. of America v. Torres*, 449 S.W.2d 335, 339 (Tex. Civ. App.—San Antonio 1969, writ ref'd n.r.e.) ("In the absence of special factors, many decisions by the courts of a large number of jurisdictions support the view that where an insurer's agent enters false answers to questions contained in the insurance application, following and despite a truthful disclosure by, and without the knowledge of, the applicant or insured, who acted in good faith and was free of fraud or collusion, the insurer ordinarily is responsible for such erroneous answers and cannot defend an action on the policy issued upon the application on the ground of the falsity thereof."); *Campbell v. Allstate Ins. Co.*, 354 S.W.2d 235, 236 (Tex. Civ. App.—Eastland 1962, no pet.) ("It is the rule that if the insured gives full, true and correct answers to an agent authorized to take written applications for insurance, relying upon the skill and good faith of such agent to fill out the application correctly, and he makes it out incorrectly, or inserts answers different from those given, or false answers, the company is bound thereby, if the insured is justifiably ignorant of the agent's mistaken or wrongful act."); 45 TEX. JUR. 3D *Insurance Contracts and Coverage* § 350 (2021) (citing *Campbell* and explaining that, in *Campbell*, the insurer was not allowed to assert the defense of forfeiture against an insured who gave accurate information because it was the agent who falsified the information); 6 COUCH ON INSURANCE 3D § 85:12 (2021) (citing *Campbell* in support of the following: "The insurer may also be estopped, or there may be a waiver, by reason of its agent's knowledge or acts, where the agent is acting within the scope of authority, and in reference to a matter over which his or her authority extended, and the insured or applicant was not involved with the agent, even informally, in perpetrating a fraud against the insurer."). The authority cited by Defendants deals with situations where the **insured** was alleged to have made a misrepresentation. *See Mayes v. Mass. Mut. Life Ins. Co.*, 608 S.W.2d 612, 616 (Tex. 1980); *RLI Ins. Co. v. Gracia*, No. 3:06-cv-1447-M, 2007 WL 2428599, at *2

(N.D. Tex. Aug. 28, 2007) (Lynn, J.) (listing intent to deceive on the part of *the insured* as a required element for rescission of an insurance policy by an insurer) (emphasis added); *Kirk v. Kemper Investors Life Ins. Co.*, 448 F. Supp. 2d 828, 831 (S.D. Tex. 2006). Here, Plaintiff alleges only wrongdoing by the Defendants, not the insured [ECF No. 6 at ¶¶ 21, 22, and 26]. Taking Plaintiff's allegations in the light most favorable to it, Plaintiff was obligated to pay the insured's claim, so the voluntary payment rule does not bar Plaintiff's negligent misrepresentation claim against the Defendants.

### B. Plaintiff's claim under Texas Business & Commerce Code § 17.46(b)(12)

1. Standing

Defendants argue that Plaintiff is not a "consumer" and thus, cannot assert a DTPA claim. It is generally true that only consumers can state DTPA claims. *See* Tex. Bus. & Com. Code § 17.50(a). However, Plaintiff's DTPA claim was asserted pursuant to Chapter 541 of the Texas Insurance Code. [ECF No. 6 at ¶ 41] (alleging, within the section of the Complaint addressing Plaintiff's § 17.46(b)(12) claim, that Plaintiff is "entitled and now sue[s] to recover actual damages pursuant to Chapter 541 of the Texas Insurance Code"). Tex. Ins. Code § 541.151 "incorporates part of the DTPA by providing a cause of action for 'unlawful deceptive trade practice[s]' defined under DTPA section 17.46." *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 385–86 (Tex. 2000). Plaintiff did not cite to § 541.151 in its Complaint, but that is the section of Chapter 541 which authorizes private actions for damages for alleged violations of § 17.46(b). As a result, Plaintiff's claim based on a § 17.46(b)(12) violation, explicitly pled pursuant to Chapter 541, is sufficient. *Franklin v. Regions Bank*, 976 F.3d 443, 447 (5th Cir. 2020) ("We review motions to dismiss de novo, accepting all well-pleaded facts as true and ***drawing all reasonable inferences*** in the nonmoving party's favor.") (emphasis added).

Pursuant to Chapter 541's predecessor, a non-consumer insurance agent was permitted by the Texas Supreme Court to sue an insurer for a violation of § 17.46(b)(12) because that provision does not explicitly require consumer status for a plaintiff.  *Casteel*, 22 S.W.3d at 385–87.  Thus, Plaintiff has standing to bring its claim based on a violation of § 17.46(b)(12).

### 2. The substance of Plaintiff's DTPA claim

Section 17.46(b)(12) bars conduct "representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law."  Defendants contend that an insurance application is not an agreement, and that, therefore, Plaintiff has not alleged facts which could show a plausible right of recovery under § 17.46(b)(12).

Plaintiff does not argue that an insurance application is an agreement.  The application is just one component of the insurance contract.  [ECF No. 13 at App. 086] ("This insurance contract includes the schedules, ***the application presented by the Insured***, declarations and Policy, and all other endorsements, provisions, terms and conditions attached hereto and made a part hereof.") (emphasis added).  Defendants cite to one case for the proposition that an insurance application is not a contract, but that case involved a situation where no insurance contract was ever finalized between the parties.  *Brown v. American Fidelity Assur. Co.*, No. 2-09-042-cv, 2010 WL 144384, at *3 (Tex. App.—Fort Worth Jan. 14, 2010, pet. denied).  Here, a contract was finalized, and the application became a part of the insurance contract.  *See Colonial Penn Life Ins. Co. v. Parker*, 362 F. Supp. 3d 380, 384–402 (S.D. Tex. 2019) (treating the insurance application as part of the policy, and finding that a misrepresentation on the application by the insured allowed the insurer to rescind the insurance contract); *see also United of Omaha Life Ins. Co. v. Halsell*, No. SA-08-cv-1007, 2010 WL 376428, at *3 (W.D. Tex. Jan.

25, 2010) (finding that the insurer properly rescinded the insurance contract based on the insured's misrepresentation on the insurance application); [ECF No. 13 at App. 086]. Defendants' argument that Plaintiff's DTPA claim should be dismissed on the merits is without merit.

## IV. Conclusion

Because Plaintiff has stated claims upon which relief can be granted, Defendants' Motion to Dismiss is DENIED.

**SO ORDERED**.

August 3, 2021.

_____
BARBARA M. G. LYNN
CHIEF JUDGE